UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | | |
|---|---|---|
| LISA C. GOLDBECK, | | |
| | Plaintiff, | No. CV 03-1300-MO |
| v. | | OPINION AND ORDER |
| TOP NOTCH, INC., et al., | | |
| | Defendant(s). | |

**MOSMAN, J.,**

Plaintiff Lisa Goldbeck filed this action asserting both federal and state claims against original defendant Top Notch and state claims against defendant John Lindow. Before the court is defendant Lindow's motion to dismiss for lack of jurisdiction. As set forth below, the court declines to exercise supplemental jurisdiction pursuant to 28 U.S.C. § 1367(c). Accordingly, defendant's motion to dismiss (#33) is GRANTED and this action is dismissed in its entirety.

I. Background

Plaintiff initially brought federal and state claims against her former employer Top Notch Inc. for sex discrimination, retaliation, wrongful discharge, negligent retention, and intentional infliction of emotional distress. Plaintiff also brought state law claims against her former supervisor, John Lindow, for sex discrimination, retaliation, intentional infliction of emotional distress, and intentional interference with economic relations. Plaintiff alleged supplemental

PAGE 1 - OPINION AND ORDER

jurisdiction over all state claims.  The action against defendant Top Notch was automatically stayed upon Top Notch filing for bankruptcy.  In response to the bankruptcy, plaintiff filed a motion for severance of parties on February 3, 2005.  The motion was granted.  Defendant proceeded to bring this motion to dismiss for lack of jurisdiction.

II.  Subject Matter Jurisdiction

    28 U.S.C. § 1367(a) states:

> "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy."

Defendant contends that severing the parties (and thus severing the state law claims against defendant Lindow from the claims that established original jurisdiction) destroys subject matter jurisdiction.  However, the Ninth Circuit has stated "supplemental jurisdiction is not destroyed by elimination of the basis for original jurisdiction." *Albingia Versichergungs A.G. v. Schenker International Inc.,* 344 F.3d 931, 938-939.  The state claims against defendant Lindow are properly before this court under supplemental jurisdiction as they stem from the same case or controversy as the original Title VII claims.  Severance of the parties does not destroy that jurisdiction.

III.  Discretionary Decline of Jurisdiction

    28 U.S.C. § 1367(c) provides:

> The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if-
>
> 1.  the claim raises a novel or complex issue of State law,
>
> 2.  the claim substantially predominates over the claim or claims over which the district court has original jurisdiction

3. the district court has dismissed all claims over which it has original jurisdiction, or

4. in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

Defendant argues the court must decline supplemental jurisdiction because none of the four circumstances listed in 1367(c) is present. However, § 1367(c) lists circumstances under which a district court has discretion to decline supplemental jurisdiction, not situations in which the court is allowed to maintain jurisdiction. In other words, "supplemental jurisdiction must be asserted" unless one of the four 1367(c) situations applies and is invoked by the court. *Executive Software v. United States Dist. Court*, 24 F.3d 1545, 1556 (9th Cir. 1994).

While the parties focus on 1367(c)(3) as a basis for discretion to decline supplemental jurisdiction, it is clear that the court may decline to exercise jurisdiction under 1367(c)(2).[1] That section provides that the court may decline to exercise jurisdiction where "the [state] claim substantially predominates over the claim or claims over which the district court has original jurisdiction." Following the severance of the parties, there are no longer any federal claims before this court. Indeed there were never any federal claims against Lindow, the only remaining defendant in this action. Thus, the state claims against Lindow clearly "predominate"

---

[1] Plaintiff contends that the severance of the parties does not fall under the category of "dismissal" as used in 1367(c)(3), such that this court does not have discretion to decline jurisdiction. This argument is purely semantic. Whether the claims were "dismissed" or "severed," the bottom line is there are no federal claims remaining before the court. However, the Ninth Circuit has concluded that § 1367(c)(3) generally is invoked when federal claims have been dismissed as "unfounded" on the merits. *Trustees of the Construction Industry and Laborers Health and Welfare Trust v. Desert Valley Landscape & Maintenance, Inc.*, 333 F.3d 923, 926 (9th Cir. 2003)(noting that all cases upholding the exercise of discretion under § 1367(c)(3) involve failure to state a claim or a grant of summary judgment to the defendant and holding that § 1367(c)(3) is not appropriate in a case involving default judgment.) That is not the case here, and as such, this court declines to invoke 1367(c)(3).

over the now-absent federal claims. Accordingly, the court has discretion to decline jurisdiction under 28 U.S.C. § 1367(c)(2).

IV. Exercise of Discretion Under § 1367(c)

A court's exercise of discretion under 1367(c) is informed by what are known as the "*Gibbs*" factors: "judicial economy, convenience, fairness, and comity." *Acri v. Varian Associates, Inc.*, 114 F.3d 999, 1001 (9th Cir. 1997), (citing *United States Mine Workers v. Gibbs*, 383 US 715 (1966)). Typically, when all federal claims are eliminated before trial, "the balance of factors...will point toward declining to exercise jurisdiction over the remaining state-law claims." *Carnegie-Mellon v. Cohill*, 484 US 343, 350 (1988).

After considering all factors, this court declines to exercise jurisdiction over the state law claims against defendant Lindow. Because of the stay issued in this case as a result of the bankruptcy of defendant Top Notch, Inc., nether the court nor the parties has expended substantial time or resources in this case. The parties have engaged in only limited discovery, and defendant Lindow has not yet been deposed. Neither is plaintiff barred by any statute of limitations from refiling this action against defendant Lindow in state court. 28 U.S.C. § 1367(d) provides that periods of limitation under 28 U.S.C. § 1367(a) are tolled while the claim is pending and for a period of 30 days after it is dismissed, unless state law provides for a longer time period. ORS 12.220 allows for 180 days. As such, plaintiff is not time barred from bringing this action against defendant Lindow in state court.

In sum, neither judicial economy, convenience, nor fairness weighs in favor of this court's continued exercise of supplemental jurisdiction over the remaining state law claims. Accordingly, the court declines to exercise jurisdiction over this action.

V. Conclusion

For the foregoing reasons, the court declines to exercise supplemental jurisdiction over this action. Defendant Lindow's motion to dismiss (#33) is therefore GRANTED, and this action is DISMISSED in its entirety.

IT IS SO ORDERED.

DATED this 16th day of August, 2005.

/s/ Michael W. Mosman
MICHAEL W. MOSMAN
United States District Judge